J-A09045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             : PENNSYLVANIA
                                             :
        v.                                   :
                                             :
                                             :
CHARLES BAXTER                               :
                                             :
        Appellant                            : No. 1391 EDA 2021

Appeal from the Judgment of Sentence Entered June 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000466-2020

BEFORE: NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                        **FILED APRIL 12, 2022**

Charles Baxter (Baxter) appeals from the June 24, 2021 judgment of
sentence imposed by the Court of Common Pleas of Philadelphia County (trial
court) following his convictions for persons not to possess a firearm, carrying
a firearm without a license, and carrying a firearm on a public street in
Philadelphia (VUFA offenses).[1] He challenges the sufficiency of the evidence
to support his convictions. We affirm.

The trial court summarized the relevant facts of this case as follows:

On September 17, 2019, at around 7:00 p.m., Sergeant John
Madara, of the Philadelphia Police Department, received a radio
call that there was a gunshot victim at Temple Hospital, with a
possible crime scene at 26th and York Streets. Upon arrival at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1) & 6108.

26th and York Streets, Sergeant Madara learned that the firehouse at that location had captured the shooting on video. In addition to the firehouse video, police recovered video from a beer distributor on the southeast corner of the intersection and from a convenience store at 26th and Arizona Streets, a block away. No ballistic evidence was found.

The video recovered from the firehouse shows two unidentified females sitting on the front steps of a house in the middle of the block on 26th Street. [Baxter], while on a bike and wearing a blue shirt with black pants, appeared to be talking to the females. A gray Volvo drives up the block and the shooting victim, Na'Air Bell, gets out of the Volvo from the driver's seat. The victim walks to the back of the car and [Baxter] is near the front passenger side of the Volvo. As the victim says something to [Baxter], the two females start to go inside the house. [Baxter] pulls out a gun and shoots at the victim five times, hitting the victim in the neck. As the victim falls to the ground, two men get out of the car. One of the men, subsequently identified as Theodore Bell, puts the victim in the car and leaves the area.

Approximately nineteen minutes after the shooting, [Baxter] returned to the scene wearing a black shirt. [Baxter] retrieved his bicycle and left the scene.

***

The victim was admitted to Temple Hospital with a gunshot wound to the neck. The bullet went into the victim's right neck and severed his spinal cord, resulting in paralysis of the lower body. Although police spoke with the victim on several occasions, the victim did not identify the shooter.

Officer Tyree Burnett and Officer Michael Porrini, who had previously interacted with [Baxter], identified him as the shooter in the video. Gia Malvestuto, who had previously interacted with [Baxter] while she was employed by the City of Philadelphia, also identified [Baxter] as the shooter in the video.

On September 25, 2019, a little over a week later, around 12:50 a.m., [Baxter] was arrested on an unrelated matter. At that time, police recovered one black Taurus Model 85 .38 revolver from the passenger side front wheel well of [Baxter's] car. [Baxter's] DNA was found on the revolver.

At trial, the parties stipulated that [Baxter] is ineligible to possess a firearm under [18 Pa.C.S. §] 6105 and he did not have a valid license to carry a firearm.

Trial Court Opinion, 9/9/21, at 2-3 (citations and footnotes omitted). Baxter proceeded to a jury trial and argued that he shot the victim in self-defense. He was found guilty of the VUFA offenses and acquitted of attempted murder, aggravated assault and possession of an instrument of crime.[2]

The trial court subsequently sentenced him to 6 to 12 years' imprisonment for the count of persons not to possess, 3 to 6 years' imprisonment for the count of carrying a firearm without a license, and 1 to 2 years' imprisonment for the count of carrying a firearm on a public street in Philadelphia. The sentences were imposed concurrently for an aggregate of 6 to 12 years' imprisonment. Baxter filed a timely post-sentence motion, which the trial court denied, and a timely notice of appeal. He and the trial court have complied with Pa. R.A.P. 1925.

On appeal, Baxter challenges the sufficiency of the evidence to support his convictions.[3] He argues that the justification of self-defense applies

_____

[2] 18 Pa.C.S. §§ 901(a), 2702 & 907. The Commonwealth withdrew charges of simple assault and recklessly endangering another person. 18 Pa.C.S. §§ 2701 & 2705.

[3] Our standard of review is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light

*(Footnote Continued Next Page)*

- 3 -

equally to the VUFA offenses for which he was convicted as to the crimes of violence for which he was acquitted. He contends that he briefly possessed a firearm for the purposes of defending himself, and that the Commonwealth did not present sufficient evidence to establish that he possessed the weapon before or after the altercation. He further argues that the evidence did not establish that he constructively possessed the firearm that was found in the wheel well of a nearby vehicle at the time of his arrest. We disagree.

To support a conviction for the VUFA offenses, the Commonwealth must establish beyond a reasonable doubt that the defendant possessed a firearm. 18 Pa.C.S. § 6105(a)(1), 6106(a)(1) & 6108. Additionally, it must prove that the defendant was statutorily precluded from carrying the firearm, that he did

_____

most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lopez*, 57 A.3d 74, 79 (Pa. Super. 2012) (citation omitted).

- 4 -

not have a valid license to carry the firearm concealed on his person or in a vehicle, and that he possessed the firearm on public property in Philadelphia. *Id.* Baxter does not argue that these elements were not established beyond a reasonable doubt at trial; rather, he simply argues that he only possessed the firearm briefly for self-defense purposes.

Possession of a firearm is a continuing offense. ***Commonwealth v. Miklos***, 159 A.3d 962, 968 (Pa. Super. 2017). As a result, a defendant's "possession of the firearm may have been justified for part, but not all of the time [he] exhibited control over the weapon." *Id.* Based on these precepts, we affirmed the VUFA conviction in ***Miklos*** even though the defendant was acquitted of a homicide charge based on self-defense. There, the defendant continued to possess the firearm after the danger of the shooting had ended when he shot the victim a second time and transported the firearm to dispose of it at a separate location. *Id.* at 968-69. Under those facts, we concluded that the defendant committed VUFA offenses even though the shooting was justified based on self-defense.

Under ***Miklos***, the evidence presented here was sufficient to support Baxter's convictions for the VUFA offenses even though he was acquitted of the crimes of violence. The surveillance video the Commonwealth introduced at trial depicts Baxter riding a bicycle on the street prior to the shooting. A firearm is not then visible in his hands and at times he is holding the handles of the bicycle with both hands. When Baxter stops to speak with the two

women who were sitting outside, his hands remain on his bicycle or at his sides. His hands and arms also remain visible throughout his interaction with the victim.

After the Volvo pulls up the to curb and the victim exits the driver's side door, Baxter drops his bicycle and steps away from it while backing away from the victim. His right hand reaches toward his hip area and then raises a firearm to shoot at the victim. He does not pick up anything from the surrounding area or reach toward the two women he was speaking with prior to the victim's arrival. After the shooting, he immediately runs down the street and appears to still be holding the firearm in his hand. No firearm is visible on the ground near the area where Baxter was standing and police who responded to the scene did not recover a firearm.

Based on this evidence, the jury was entitled to conclude that Baxter had possessed the firearm somewhere on his person prior to the victim's arrival on the scene and before there was any immediate need to defend himself. Thus, while the jury determined that he was justified in using the firearm in self-defense when he believed his life was in immediate danger, the evidence was also sufficient to establish that he had committed the VUFA offenses before the danger began and after it had dissipated. **Miklos**, **supra**. Accordingly, he is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/12/2022</u>